# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# BALTIMORE DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, MD 21201,<br><br>Plaintiff,<br><br>v.<br><br>Pallet Companies d/b/a IFCO Systems NA, Inc.<br>3030 Waterview Avenue, Suite 200<br>Baltimore, MD 21230,<br><br>Defendant. | Civil Action No.<br><br><br>COMPLAINT<br><br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex and retaliation, and to provide appropriate relief to Yolanda Boone, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant Pallet Companies d/b/a IFCO Systems NA, Inc. ("Defendant" or "IFCO") unlawfully discriminated against Boone on the basis of her sex (female) by subjecting her to harassment, which culminated in her discharge. The Commission further alleges that Defendant discharged Boone in retaliation for complaining about the harassment.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business and operating within the State of Maryland with at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Boone filed a charge with the Commission alleging violations of Title VII by IFCO.

7. On or around August 31, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide

Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On or around October 23, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Defendant hired Boone on September 14, 2013, as a forklift operator working the first shift. Boone was an excellent forklift operator.

13. Boone is a lesbian. Her sexual orientation was known to most, if not all, of her co-workers, including the night shift manager, Charles Lowry.

14. Approximately three months after Boone began working for IFCO, Lowry requested that Boone begin working some hours during the night shift, which she agreed to do to earn extra income.

15. Almost as soon as Boone began working the night shift, Lowry began harassing Boone on a weekly basis, making comments such as "I want to turn you back into a woman;" "I want you to like men again;" "You would look good in a dress;" "Are you a girl or a man?" and "You don't have any breasts." He also quoted biblical passages stating that a man should be with a woman and not a woman with a woman. On several occasions, he would grab his crotch while staring at Boone.

16. After weeks of enduring Lowry's comments and behavior, Boone complained to her supervisor Anthony Powell in February and March 2014, but no action was taken.

17. On April 18, 2014, Lowry blew a kiss and stuck out his tongue and circled it in a suggestive manner toward Boone.

18. Boone immediately complained to Powell, and then to Anthony "Tony" Flores, the General Manager.

19. Boone told Flores what happened that day and also complained about the perpetual harassment and comments to which Lowry subjected her. Flores said he would speak with Lowry.

20. After her meeting with Flores, Boone returned to the warehouse and contacted Human Resources through the employee hotline to file a complaint about Lowry's harassment.

21. Lowry later returned to the warehouse and continued to intimidate and harass her. Unable to endure the continuing harassment, she informed Flores that she would leave early that day, which she did.

22. Boone returned to work on her next scheduled work day, April 22, 2014. As soon as she arrived, Flores called Boone into a meeting with himself, Brian Schaffer, the Regional Director, and Randall Lucas, a Human Resources representative, and asked her to resign. Boone refused to resign.

23. Flores, Schaffer, and Lucas called Boone back into Flores's office later that day and handed her a typed letter stating she had resigned from her position. They again demanded her resignation and when she again refused to resign, Defendant discharged her and called the police to escort her off the property.

24. Since at least September 2013, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting Boone to harassment which culminated in her discharge. Lowry's aforementioned conduct directed at

Boone was motivated by Boone's sex (female), in that sexual orientation discrimination necessarily entails treating an employee less favorably because of her sex; in that Boone, by virtue of her sexual orientation, did not conform to sex stereotypes and norms about females to which Lowry subscribed; and in that Lowry objected generally to females having romantic and sexual association with other females, and objected specifically to Boone's close, loving association with her female partner.

25. Since at least April 22, 2014, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when it discharged Boone for complaining about the harassment.

26. The effect of the practices complained of in the above paragraphs has been to deprive Boone of equal employment opportunities and otherwise adversely affect her rights under Title VII, resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice or with reckless indifference to Boone's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex and from retaliating against persons who engage in protected activity;

B.  Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and that eradicate the effects of its past and present unlawful employment practices, and prevent sex discrimination and retaliation from occurring in the future;

C.  Order Defendant to make Boone whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

D.  Order Defendant to make Boone whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above.

E.  Order Defendant to make Boone whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

F.  Order Defendant to pay Boone punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability;

G.  Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of sex, will not retaliate against any person for engaging in protected activity, and will comply with all aspects of Title VII;

H.  Grant such further relief as the Court deems necessary and proper in the public interest; and

I.  Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney

/AMBER TRZINSKI FOX
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2763 (phone)
amber.fox@eeoc.gov